# Exhibit A

STATE OF NEW YORK
SUPREME COURT      :      COUNTY OF NEW YORK

ZANTAZ ENTERPRISE
ARCHIVE SOLUTION,
LLC f/k/a CAPAX
DISCOVERY, LLC

5110 Main Street, Suite 201

Williamsville, New York
14221

                    **SUMMONS**

                    Index No. _____

            Plaintiff

v.

MIDMICHIGAN HEALTH

4000 WELLNESS DR

MIDLAND, MI 48670


MID-MICHIGAN HEALTH CARE SYSTEMS, INC.

4000 WELLNESS DR

MIDLAND, MI 48670

           Defendants.



TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys an answer to the Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In the event you fail

to appear or answer, a judgment will be taken against you for default for the relief demanded in the Complaint. New York County is designated as the basis of venue pursuant to CPLR §501.

Dated: Williamsville, New York
      Sept. 20, 2022

                      Zantaz Enterprise Archive Solution, LLC

                      **/s/Robert E. Gallagher, Jr.**
                      Robert E. Gallagher, Jr., Esq.
                      The Walker Center, Suite 201
                      5110 Main Street
                      Williamsville, NY 14221
                      716.796.5415

TO:

MIDMICHIGAN HEALTH

4000 WELLNESS DR

MIDLAND, MI 48670

MID-MICHIGAN HEALTH CARE SYSTEMS, INC.

4000 WELLNESS DR

MIDLAND, MI 48670

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NEW YORK

---

ZANTAZ ENTERPRISE ARCHIVE
SOLUTION LLC f/k/a CAPAX DISCOVERY,
LLC,

                    Plaintiff

v.

MIDMICHIGAN HEALTH and

MID-MICHIGAN HEALTH CARE
SYSTEMS, INC.

                    Defendants.

---

COMPLAINT AND
DEMAND FOR TRIAL BY
JURY

Index No. _____

The Plaintiff, Zantaz Enterprise Archive Solution LLC f/k/a Capax Discovery LLC, by and through their attorneys, hereby commences this action against Defendants, MidMichigan and Mid-Michigan Health Care Systems, Inc. ("MidMichigan"), to recover damages for breach of contract, unjust enrichment, conversion, and violations of the New York State General Business Law.

## PARTIES

1. The Plaintiff, Zantaz Enterprise Archive Solution LLC ("Zantaz"), is a limited liability company existing by virtue of the laws of New York, with a usual place of business located at 5110 Main Street, Williamsville, New York

2. The Defendants, MidMichigan Health and Mid-Michigan Health Care Systems, Inc. Center (individually and collectively), are part of a non-profit health system that operates in the State of Michigan (referred to herein as "MidMichigan"), are foreign corporation(s), not authorized tyo do business in New York, but that contracts business with entities in the State of New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding as Zantaz and MidMichigan are parties to and holders of contracts and contract rights that specify New York as the exclusive venue for disputes thereunder. Additionally, MidMichigan derived substantial revenue from its business activities within the State of New York and has or had substantial contacts with the State of New York relative to such business that it is subject to the jurisdiction of the State. Moreover, this Court has jurisdiction as the amount in controversy exceeds the jurisdictional limits of all lower courts.

## FACTUAL BACKGROUND

4. Zantaz restates and incorporates by reference the allegations contained in paragraphs 1 through 3, above.

5. On April 1, 2014, MidMichigan entered into an Agreement with Capax Discovery, LLC for Maintenance and Support of NearPoint software.

6. A NearPoint license is required for each archived user mailbox.

7. In 2018, Capax Discovery LLC notified MidMichigan of their unauthorized use of the NearPoint software.

8. At that juncture, plaintiff's records determined that MidMichigan had purchased fewer than 8,000 NearPoint licenses.

9. In 2019, MidMichigan acknowledged their unauthorized use of the NearPoint software.

10. In 2019, MidMichigan and Capax Discovery LLC discussed MidMichigan's unauthorized NearPoint license usage. In an effort to dupe Capax Discovery LLC into a sweetheart deal, MidMichigan negotiated with Capax Discovery LLC in bad faith to obtain preferential consideration for their upcoming NearPoint software maintenance and support contract.

11. On March 27, 2019, MidMichigan requested that Zantaz generate and send a license true-up quote and also a maintenance and support renewal quote.

12. Zantaz provided MidMichigan the requested quotes for their license true-up and maintenance and support renewal. The terms of the quotes were provided by Zantaz to ensure

MidMichigan could timely renew their maintenance and support, which expired on March 29, 2019.

13.  Unbeknownst to Zanatz at the time they provided MidMichigan their license true-up and maintenance and support renewal, MidMichigan had contracted with a third party, Archive 360, prior to March 27, 2019, to migrate their data off the NearPoint system. MidMichigan continued to mislead Zantaz on this point until after they had obtained the quotes and had paid for the true-up licenses. Not surprisingly, MidMichigan did not renew their maintenance and support, as the renewal deadline was merely the red hearing they used to induce Zantaz into providing a favorable license true-up quote that would facilitate the maintenance and support renewal.

14.  Archive 360 commenced the migration of MidMichigan's NearPoint data on March 15, 2019, and completed its migration work on August 17, 2020.

15.  Archive 360 provided MidMichigan with a Chain of Custody report which detailed all data extracted from NearPoint.

16.  The Chain of Custody report identified that MidMichigan had 12,930 archived user mailboxes in NearPoint.

17.  Plaintiff made due demand upon MidMichigan for the unlawfully obtained and unpaid NearPoint licenses totaling 5,457 additional licenses.

18.  Since then, Capax Discovery, LLC changed its name to Zantaz Enterprise Archive Solution LLC.

<u>Count I</u>

Breach of Contract

19.  Zantaz restates and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

20.  Upon information and belief, MidMichigan used up to 12,930 additional NearPoint licenses despite paying for fewer than 8,000.

21.  MidMichigan has no documentation or receipt for licenses exceeding the number it rightfully purchased.

22.  Discussions between Zantaz and MidMichigan occurred in early 2021 about how to

23. Ultimately, discussions between Zantaz and MidMichigan to resolve the matter broke down and Zantaz indicated that MidMichigan, as a result of the documentation supporting MidMichigan's unlawful use of 5,457 more licenses that it was authorized to use without paying for, owed Two Hundred Eighteen Thousand Two Hundred Eighteen ($218,280) Dollars.

resolve the discrepancy, including, but not limited to MidMichigan's payment for the NearPoint licenses it enjoys but did not pay for.

24. As a result of the foregoing, Zantaz has suffered, and will continue to suffer actual and consequential damages, plus interest, attorneys' fees, and costs.

25. Zantaz respectfully requests that this Court award damages in the amount of the loss it suffered as a result of MidMichigan's breach of contract, award plaintiffs their attorneys' fees and costs, and grant Plaintiffs such further relief as the Court may deem just and equitable.

## COUNT II

### Conversion

26. Zantaz restates and incorporates by reference the allegations set forth in paragraphs 1 through 25, above.

27. In April of 2021, a formal demand was made on MidMichigan in the amount of Two Hundred Eighteen Thousand Two Hundred Eighteen ($218,280) Dollars, which Mid Michigan has refused to pay.

28. Hence, MidMichigan continues to enjoy the benefit of NearPoint licenses that it has not paid for, will not pay for, and refuses to acknowledge an obligation to pay for.

29. As a result of the foregoing, Zantaz has suffered, and will continue to suffer actual and consequential damages, plus interest, attorneys' fees, and costs.

30. MidMichigan has continued to dispute the demand made herein.

31. Zantaz respectfully requests that this Court award damages in the amount of the loss it suffered as a result of MidMichigan's conversion, award plaintiffs their attorneys' fees and costs, and grant Plaintiffs such further relief as the Court may deem just and equitable.

## COUNT III

### Unjust Enrichment

32. Zantaz restates and incorporates by reference the allegations set forth in paragraphs 1 through 31, above.

33. MidMichigan wrongfully possessed and benefited from licenses in excess of what it paid for previously.

34. MidMichigan only paid for fewer than 8,000 NearPoint licenses.

35. Equity and good conscience require that restitution be paid by Mid Michigan as a result of its wrongful possession of and benefit from 12,960 NearPoint licenses.

32. In April of 2021, a formal demand was made on MidMichigan in the amount of Two Hundred Eighteen Thousand Two Hundred Eighteen ($218,280) Dollars, which Mid Michigan has refused to pay.

33. Zantaz respectfully requests that this Court award damages in the amount of the loss it suffered as a result of MidMichigan's unjust enrichment, award plaintiff their attorneys' fees and costs, and grant Plaintiff such further relief as the Court may deem just and equitable.

Dated: Williamsville, New York
Sept. 13, 2022

Zantaz Enterprise Archive Solution, LLC
f/k/a Capax Discovery, LLC

/s/Robert E. Gallagher, Jr.

Robert E. Gallagher, Jr., Esq.
The Walker Center, Suite 217
5110 Main Street
Williamsville, NY 14221
716.796.5415