

**Advantage Legal & Fiduciary**
The Walker Center  *  5110 Main Street  *  Suite 201
Williamsville, New York  *  14221

**Robert E. Gallagher, Jr., Esq.**
C: 716.796.5415
E: rgallagher@advantageglobalresources.com

January 31, 2023

<u>Via ECF</u>

Honorable Jennifer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 15A
New York, New York 10007

  Re: **Zantaz Enterprise Archive Solution, LLC f/k/a Capax, Discovery, LLC v. MidMichigan Health & MidMichigan Health Care Systems, Inc.;**
    **Case 1:22-cv-09395-(JHR)**

Your Honor:

  I am the attorney of record on the foregoing matter for the plaintiffs.  I submit this Letter Motion to the Court seeking permission to withdraw from the action on behalf of my client.  The relief requested in this Motion is sought in good faith and not for the purposes of delay. Your affiant acknowledges his duty to maintain the secrets and confidences of the clients, regardless of the nature of the disagreement between him and them.

  Upon information and belief, professional responsibility rules provide that counsel may withdraw from a case when: Withdrawal will not have a material adverse effect on the client's interest or the interest of the opposing parties; the client insists on pursuing a course of action with which the attorney has a fundamental disagreement; the client has made representation unreasonably difficult; or, the attorney believes that there are ethical concerns that prevent continued representation. In the instant matter, the attorney-client relationship is irretrievably broken so much so that I cannot proceed to provide the plaintiff the representation it needs,

requires, and demands from its counsel. I have had a frank discussion with my client representatives and decision-makers and they are not opposed to this request so long as I also request a brief period of time within which to permit them to obtain substitute counsel. Hence, I respectfully request a period of thirty (30) days to allow my client the opportunity to obtain substitute counsel.

Additionally, I notified opposing counsel in this matter in an effort to fully, completely, and actively adhere to the "Meet and Confer" obligations of the Court. Opposing counsel does not object to the request herein.. Opposing counsel has reserved its right, upon the appearance of substitute counsel, to confer with new counsel on the issues of scheduling and other procedural issues as they may exist at that time.

The Court also has the discretion to permit an attorney to withdraw as counsel (see, for example, *Hernandez v. Aleman Constr., Inc.*, 2014 WL 1794833, at *1 (N.D. Tex. May 5, 2014); *Pogrebnoy v. Russian Newspaper Distribution, Inc.*, 2017 WL 2983058, at *2 (9th Cir. July 13, 2017)). Moreover, Courts usually permit an attorney to withdraw representation only with leave of the court, a showing of good cause and notice to the client (see, for example, *Smith Mar., Inc. v. Lay Drilling Barge Akpevweoghene*, 2014 WL 5306569, at *4 (W.D. La. Oct. 15, 2014)). I believe that there is good cause shown and, as an officer of the Court, notified the client.

        Respectfully Submitted,

        **/s/ Robert E. Gallagher, Jr.**
        Robert E. Gallagher, Jr.

## CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2023, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which electronically notified All Counsel of Record (via ECF).

By: **/s/Robert E. Gallagher, Jr.**

Pursuant to Local Civil Rule 1.4, attorneys seeking to withdraw must state "whether or not [they are] asserting a retaining or charging lien."

Counsel for the Plaintiff shall state by February 3, 2023 at 5pm whether he intends to assert such a lien and whether Plaintiff still consents to the request to withdraw.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Date: Feb. 1, 2023